UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANGEL ARAUJO, | No. 2:24-cv-01735-EFB (PC) |
| Petitioner, | |
| v. | ORDER |
| JASON JOHNSON, | |
| Respondent. | |

Petitioner is a state prisoner proceeding with counsel in this petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. ECF No. 1. He has filed a motion to stay the petition pending exhaustion of state court remedies. ECF No. 2.

**I.      Background**

Petitioner was convicted of several state crimes related to domestic violence on September 24, 2021. ECF No. 1. He was sentenced on April 14, 2022 to four years in prison. *Id.* In the instant petition, petitioner raises three claims: (1) that he was deprived of due process by the giving of a certain jury instruction, (2) that his trial counsel rendered ineffective assistance, and (3) that the police and prosecutor committed misconduct. *Id.* His direct appeal was denied, and the California Supreme Court denied his petition for direct review on October 11, 2023. *Id.* at 3-4. Petitioner asks the court to stay the petition under either *Kelly v. Small*, 315 F.3d 1063, (9th Cir. 2003) or *Rhines v. Weber*, 544 U.S. 269 (2005) while he exhausts the second and third claims

1

(hereinafter "Claims 2 and 3") in state court.

## II. Screening Order

A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is not apparent from the face of the application that the petitioner is not entitled to relief. Accordingly, the court will direct service of the petition on respondent. Because the court will grant the request for a stay, see below, respondent need not respond to the petition until petitioner has exhausted Claims 2 and 3 and filed a second amended petition.

## III. Analysis

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). Where a federal habeas petitioner has failed to exhaust a claim in the state courts, she may ask the federal court to stay its consideration of her petition while she returns to state court to complete exhaustion. Two procedures may be used in staying a petition — one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines v. Weber*, 544 U.S. 269 (2005). *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Under the Kelly procedure, the district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. *Kelly*, 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If the federal petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under *Kelly* must first dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. *King*, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. *King*, 564 F.3d at 1140-41. Under that statute, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively

1 applicable to cases on collateral review or the date on which the factual predicate of a claim could
2 have been discovered through the exercise of due diligence. 28 U.S.C. § 2241(d)(1). A federal
3 habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v.*
4 *Walker*, 533 U.S. 167, 181-82 (2001).

5       Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring
6 dismissal of the unexhausted claims, while the petitioner exhausts them in state court. *King*, 564
7 F.3d at 1139-40. Unlike the *Kelly* procedure, however, *Rhines* requires that the petitioner show
8 good cause for failing to exhaust the claims in state court prior to filing the federal petition.
9 *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139. In addition, a stay pursuant to *Rhines* is
10 inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has
11 engaged in "abusive litigation tactics or intentional delay." *Id*.

12       Petitioner argues that a stay is appropriate under either the *Kelly* or *Rhines* frameworks.
13 He argues that there is good cause to stay the case because petitioner did not retain current
14 counsel until April 2022, who required time to investigate the case and review the trial record.
15 ECF No. 2 at 5-6. Petitioner, who is not trained in law, was unaware of Claims 2 and 3; current
16 counsel discovered those claims while investigating the file.

17       Under *Rhines*, "good cause" consists of a reasonable excuse supported by sufficient
18 evidence. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). It does not require a showing of
19 extraordinary circumstances. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). While the
20 parameters of good cause under *Rhines* are not well-defined, courts have found good cause
21 where: (1) petitioner was reasonably confused about the timeliness of a state filing (*Pace v.*
22 *DiGuglielmo*, 544 U.S. 408, 416 (2005)); (2) petitioner lacked counsel in state post-conviction
23 proceedings (*Dixon v. Baker*, 847 F.3d 714, 721-22 (9th Cir. 2017)); and (3) petitioner's state
24 post-conviction counsel rendered ineffective assistance (*Blake*, 745 F.3d at 982-93).

25       A review of the record and the publicly-available dockets of the California Supreme Court
26 and the California Court of Appeal for the Fifth District (available at
27 appellatecases.courtinfo.ca.gov) reveals that current counsel has represented petitioner during his
28 direct appeals to both courts. The California Supreme Court's public docket also reveals that

petitioner, represented by current counsel, filed a habeas petition in that court on December 6, 2024, roughly six months after this action was filed. The motion to stay contains no explanation of why the state petition was not filed earlier. Surely if counsel knew of Claims 2 and 3 when this action was filed in June 2024, counsel could have presented those claims to the state supreme court prior to December. Nor has petitioner presented any evidence substantiating the claim that counsel – having been retained at or shortly after sentencing – required time to become familiar with the case to identify Claims 2 and 3. Absent such an explanation and evidence, the court must deny a stay under *Rhines*, without prejudice to its renewal in a motion to stay accompanied by sufficient support for the claim of good cause.

A stay under *Kelly* requires no showing of good cause, but will not protect Claims 2 and 3 from the running of the federal habeas limitations period while petitioner exhausts those claims. Petitioner argues that Claims 2 and 3 will be timely because they share a common core of facts with Claim 1. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). As respondent has not yet been served and provided an opportunity to rebut this argument, the court makes no finding as to the timeliness of Claims 2 and 3 or their relation to Claim 1. *Kelly* requires only the filing of an amended petition that deletes the unexhausted claims. Accordingly, the court finds that a stay under *Kelly* is appropriate and will direct petitioner to file such an amended petition.

### IV.    Order

For the foregoing reasons, it is hereby ORDERED that:

1. Petitioner's June 18, 2024 motion for a *Kelly* stay (ECF No. 2) is GRANTED;
2. Petitioner shall file an amended petition containing only Claim 1 (the sole exhausted claim) within 30 days of the date of this order;
3. Petitioner shall pursue exhaustion in the California Supreme Court within 30 days of the date of this order;
4. Petitioner shall file a motion to lift the stay and a request to file an amended petition including his newly exhausted claims within 30 days of exhaustion;
5. Respondent shall file and serve either an answer or a motion in response to petitioner's application within 60 days from the date of filing of the second amended (fully exhausted)

petition. *See* Rule 4, Rules Governing § 2254 Cases. Any response shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4, 5, Rules Governing § 2254 Cases.

6. Petitioner's reply, if any, shall be filed and served within 30 days of service of an answer.
7. If the response to petitioner's application is a motion, petitioner's opposition or statement of non-opposition shall be filed and served within 30 days of service of the motion, and respondent's reply, if any, shall be filed within 14 days thereafter.
8. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's June 18, 2024 petition for writ of habeas corpus with any and all attachments on Tami Krenzin, Supervising Deputy Attorney General for the State of California. The Clerk of the Court also shall serve on the Senior Assistant Attorney General the consent form used in this court.

Dated: February 10, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE